UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, *Plaintiff*, v. U-HAUL CO. OF NEBRASKA; and AREC 12 LLC, *Defendants* | Case No. _____ **COMPLAINT** **Injunctive Relief Sought** |

Plaintiff Zach Hillesheim, by and through the undersigned counsel, brings this action against U-Haul Co. of Nebraska, a Nebraska business corporation, and AREC 12 LLC, a Delaware limited liability company for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and allege as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers in the retail rental equipment store known as "U-Haul Moving & Storage at L Street", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at "U-Haul Moving & Storage at L Street", located at 8716 L St, Omaha, NE 68127.

3. Defendants' failure to provide equal access to "U-Haul Moving & Storage at L Street" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Zach Hillesheim is a resident of the city of Omaha, Nebraska. Before moving to Nebraska in 2017, Plaintiff visited the Omaha area a few times each year

with his girlfriend, who grew up in the Omaha area. Plaintiff drives his own car and frequently travels throughout the Omaha area.

9. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq*.

10. Plaintiff Hillesheim was paralyzed as an infant while undergoing surgery to address a congenital heart defect. During the surgery, his spine was severed, paralyzing him below the waist. Mr. Hillesheim cannot walk and uses a wheelchair for mobility. As a person with a disability, Mr. Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11. Defendant U-Haul Co. of Nebraska, a Nebraska business corporation, is the operator and lessee of the real property and improvements which are the subject of this action, the retail rental equipment store known as "U-Haul Moving & Storage at L Street", a place of public accommodation within the meaning of the ADA, located at the street address of 8716 L St, Omaha, NE 68127.

12. Defendant AREC 12 LLC, a Maryland business corporation, is the owner and lessor of the real property and improvements which are the subject of this action, the retail rental equipment store known as "U-Haul Moving & Storage at L Street", a place of public accommodation within the meaning of the ADA, located at the street address of 8716 L St, Omaha, NE 68127.

**FACTUAL BACKGROUND**

13. On June 22, 2017, Plaintiff Hillesheim attempted to patronize the retail rental equipment store known as "U-Haul Moving & Storage at L Street" in Omaha, Ne-

braska. Plaintiff traveled with his girlfriend, who also uses a wheelchair for mobility. Plaintiff went to "U-Haul Moving & Storage at L Street" to have a hitch installed so he could pull a trailer. Plaintiff was also planning to use "U-Haul Moving & Storage at L Street" for storage of medical equipment.

14. Upon arrival, Plaintiff found that the ramp providing access to the "U-Haul Moving & Storage at L Street" building entrance was extremely steep. Plaintiff had trouble climbing the ramp, and his girlfriend required assistance to climb the ramp.

15. The handrails on the ramp between the parking lot and the building entrance did not provide edge protection.

16. A photograph in Exhibit A to this Complaint depicts the ramp providing access to the "U-Haul Moving & Storage at L Street" building entrance from the parking lot.

17. Inside the "U-Haul Moving & Storage at L Street" there was no wheelchair accessible service or sales counter.

18. A photograph in Exhibit B to this Complaint depicts the "U-Haul Moving & Storage at L Street" service counter.

19. The route to the restrooms inside "U-Haul Moving & Storage at L Street" was cramped by merchandise and rental equipment, making safe travel difficult.

20. A photograph in Exhibit C to this Complaint depicts the route to the "U-Haul Moving & Storage at L Street" customer restrooms.

21. The men's restroom at "U-Haul Moving & Storage at L Street" did not have sufficient clear space around the toilet for a wheelchair user to make a safe, independent transfer between a wheelchair and the toilet.

22. A cabinet projected into the clear floor space near the toilet in the men's restroom.

23. A trash can placed under the sink in the men's restroom blocked the clearance under the sink preventing Plaintiff from making an approach in his wheelchair.

24. Photographs in Exhibit D to this Complaint depict the men's restroom at "U-Haul Moving & Storage at L Street".

25. The women's restroom at "U-Haul Moving & Storage at L Street" did not have sufficient clear space around the toilet for a wheelchair user to make a safe, independent transfer between a wheelchair and the toilet.

26. A sink extended into the clear floor space parallel to the toilet in the women's restroom, and only a few inches of clear floor space extended beyond the toilet.

27. A trash can placed under the sink in the women's restroom blocked the clearance under the sink, preventing Plaintiff or his girlfriend from making an approach in his wheelchair.

28. Photographs in Exhibit E to this Complaint depict the women's restroom at "U-Haul Moving & Storage at L Street".

29. In light of the architectural barriers at "U-Haul Moving & Storage at L Street", Plaintiff Hillesheim is deterred from visiting "U-Haul Moving & Storage at L Street" in the future. Plaintiff Hillesheim intends to return to "U-Haul Moving & Storage at L Street" to patronize the facility, but these architectural barriers deter him from doing so. He plans to return and patronize "U-Haul Moving & Storage at L Street" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

30. Plaintiff Hillesheim is a resident of Omaha, Nebraska, and he plans to continue visiting local Omaha businesses in the future and would enjoy being able to patronize Defendants' retail rental equipment store.

31. Plaintiff Hillesheim attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Hillesheim cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

32. On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   d. Individuals with disabilities continually encounter various forms of discrimination; and

   e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly

famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

33. Congress explicitly stated that the purpose of the ADA was to:
   a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;
   b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
   c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

34. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

35. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

36. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III

regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

37. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

38. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

39. The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

40. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

41. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

42. The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

43. Defendants have discriminated against Plaintiff on the basis of his disabilities by failing to comply with the requirements of the ADA and the ADAAG with regard to "U-Haul Moving & Storage at L Street". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "U-Haul Moving & Storage at L Street" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The ramp providing access to the "U-Haul Moving & Storage at L Street" building entrance was steeper than in 1:12, violation of ADAAG 206.2.1 and 405.2. Extremely steep ramps make travel difficult for Plaintiff, who uses a wheelchair for mobility.

   b. The ramp providing access to the "U-Haul Moving & Storage at L Street" building entrance did not have edge protection, in violation of ADAAG 206.2.1 and 405.9. Plaintiff uses a wheelchair for mobility, and the lack of edge protection creates the risk of a wheelchair caster going over the ramp edge near the handrail.

   c. The "U-Haul Moving & Storage at L Street" customer service counter did not have a section at least 36 inches wide no taller than 36 inches above the ground, in violation of ADAAG 227.1 and 904.4. Plaintiff requires an accessible counter to make independent transactions.

   d. The accessible route to the "U-Haul Moving & Storage at L Street" customer restrooms was obstructed by merchandise and equipment, reducing the clear width of the accessible route to less than 36 inches, in violation of ADAAG 216.2.2 and 405.3.1. Plaintiff requires a sufficiently wide accessible route to prevent damage to property and his wheelchair.

e. The men's restroom at "U-Haul Moving & Storage at L Street" did not have sufficient clearance around the toilet (56 inches by 60 inches) free of obstructions, in violation of ADAAG 213.3.2 and 604.3.2. Plaintiff requires clear floor space to make a safe transfer between the toilet and his wheelchair.

f. A trash receptacle obstructed the toe clearance under the sink in the men's restroom, in violation of ADAAG 213.3.4, 606.2, and 306.2. Plaintiff requires toe clearance to pull close enough to the sink for use.

g. The women's restroom at "U-Haul Moving & Storage at L Street" did not have sufficient clearance around the toilet (56 inches by 60 inches) free of obstructions, in violation of ADAAG 213.3.2 and 604.3.2.

h. A trash receptacle obstructed the toe clearance under the sink in the women's restroom, in violation of ADAAG 213.3.4, 606.2, and 306.2.

i. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "U-Haul Moving & Storage at L Street".

44. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "U-Haul Moving & Storage at L Street" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG.

45. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable",

including, but not limited to, rearranging tables, chairs, vending machines, display racks, and other furniture. 28 C.F.R. § 36.304(b).

46. Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

47. As a person with a disability, Plaintiff Hillesheim has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

48. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be unable to independently access "U-Haul Moving & Storage at L Street" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

49. Plaintiff incorporates and realleges the above paragraphs.

50. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

51. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

52. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Hillesheim has been denied full and equal access to "U-Haul Moving & Storage at L Street" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

53. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

54. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Hillesheim, even though removing the barriers is readily achievable.

55. Plaintiff Hillesheim plans to visit "U-Haul Moving & Storage at L Street" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "U-Haul Moving & Storage at L Street" unless and until Defendants are required to remove the physical barriers to access and

ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

56. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "U-Haul Moving & Storage at L Street" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "U-Haul Moving & Storage at L Street" until such time as Defendants cure the access barriers.

57. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

   a. Plaintiff demands a trial in Omaha, Nebraska.
   b. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.
   c. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a), enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures nec-

essary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: July 28, 2017

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805